Date signed September 14, 2015



S. MARTIN TEEL, JR.
U. S. BANKRUPTCY JUDGE
SITTING BY DESIGNATION

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| KIMBERLY ELAINE MITCHELL, | ) | Case No. 14-24877 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE MOTION TO DISALLOW THE
<u>PROOF OF CLAIM FILED BY O'MALLEY, MILES, NYLEN & GILMORE, P.A.</u>

The debtor has objected, via a motion,[1] to the proof of claim filed by a law firm, O'Malley, Miles, Nylen & Gilmore, P.A. The law firm concedes that its claim was filed late, and does not contend that it was not given timely notice of the bar date for filing a claim.

I

Because the law firm's claim was filed late, the law firm's claim must be disallowed based on 11 U.S.C. § 502(b)(9) (providing with exceptions of no relevance here) for the disallowance of an untimely proof of claim, and Rules 3002(c) and

---

[1] Fed. R. Bankr. P. 3007 provides for objections to claims, not motions for disallowance of claims. However, the motion in substance is an objection to claim and has been treated by both parties as such.

9006(b)(3) of the Federal Rules of Bankruptcy Procedure (which, with exceptions of no relevance here, bar enlargement of the time for filing a proof of claim in a chapter 13 case). *See In re Mackinder-Manous*, 2015 WL 790883 (Bankr. E.D. Ky. Feb. 24, 2015); *In re Boucek*, 280 B.R. 533, 537-38 (Bankr. D. Kan. 2002); *In re Mickens*, 2005 WL 375661 (Bankr. D.D.C. Feb. 14, 2005).

II

The law firm argues that this court has the equitable power to permit the late filing of the proof of claim, and that based upon the applicable equities, this court should do so.  The sole decision it cites in support of that argument is *In re Unroe*, 937 F.2d 346 (7th Cir. 1991).  As discussed in *In re Wright*, 300 B.R. 453, 457-61 (Bankr. N.D. Ill. 2003), *In re Unroe* is not sound authority to permit a request like the one here for the late filing of a proof of claim: (1) it is distinguishable; (2) the argument that *In re Unroe* supports a court's use of its equitable power to allow a late claim in a case like this disregards 11 U.S.C. § 502(b)(9), which was enacted in 1994 after *In re Unroe* was decided, and which precludes allowance of the late claim here; and (3) that argument also disregards the binding effect of Rule 9006(b)(3) of the Federal Rules of Bankruptcy Procedure.

A.

*IN RE UNROE* IS DISTINGUISHABLE

*In re Unroe* addressed whether amendment, after the bar date,

2

of a timely proof of claim was permissible.  Here, no timely proof of claim was filed.  *In re Unroe* involved a creditor, the Internal Revenue Service, that had filed a timely proof of claim for 1982 taxes, and then, after the bar date had expired, filed an amendment to that proof of claim to assert a claim for 1983 taxes.  The Court of Appeals held that filing an "informal claim" within the filing period may permit the creditor to perfect the claim later.  *In re Unroe*, 937 F.2d at 350.  It then held that under that doctrine, the bankruptcy court had "authority to consider the timely filed 1982 claim as notice of the IRS's intent to collect for both years because Unroe's plan anticipated the claim for 1983."  *Id.*  The Court of Appeals was careful to state that "[w]e leave for another case the question whether a judge in equity could permit an entirely new claim filed out of time.  *Wilkens* [meaning *Wilkens v. Simon Bros., Inc.*, 731 F.2d 462 (7th Cir. 1984)] appears to rule out this possibility . . . ."  *Id.*  As noted in *In re Wright*, 300 B.R. at 459:

> This equitable power, recognized in *Unroe*, concerning late proofs of claim was extended to the "informal proof of claim" doctrine only, which requires the debtor to have notice that the creditor plans to assert a particular bankruptcy claim before the bar date expires; the Seventh Circuit did not extend its holding to "entirely new" late claims, *see id.* at 350-51 . . . .

B.

THE ARGUMENT BASED ON *IN RE UNROE* IS MERITLESS BASED ON THE 1994 ENACTMENT OF 11 U.S.C. § 502(b)(9)

Under 11 U.S.C. § 502(b)(9), with exceptions of no relevance

here, a claim is to be disallowed if "proof of such claim is not timely filed." The enactment of that provision in 1994 (after *In re Unroe* was decided):

> settled the prior case-law disagreement by codifying the cases holding that the lateness is indeed a ground for disallowance, regardless of the reason for the lateness, unless an explicit exception applies.

*In re Wright*, 300 B.R. at 460. The Court of Appeals in *In re Unroe*, 937 F.2d at 349-50, relied on 11 U.S.C. § 105(a), under which a court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title," as authorizing the court to allow the amendment of the claim in that case after the bar date. Section 105(a), however, is *not* an exception to § 502(b)(9). "It is hornbook law that § 105(a) does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code. Section 105(a) confers authority to 'carry out' the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits." *Law v. Siegel*, 134 S.Ct. 1188, 1194 (2014) (citation omitted) (internal quotation marks omitted). Indeed, even *In re Unroe*, 937 F.2d at 350, itself recognized that it is inappropriate to utilize § 105(a) to permit the late filing of a claim when that would "conflict with . . . [t]he statutory backdrop for bankruptcy proceedings." Clearly, invoking § 105(a) to override § 502(b)(9) would present such a conflict.

C.

A COURT'S EQUITABLE POWERS ARE NOT AN EXCEPTION TO THE PROHIBITION IN RULE 9006(b)(3) AGAINST ENLARGING THE BAR DATE EXCEPT AS AUTHORIZED IN RULE 3002(c)

*In re Unroe* failed to discuss Fed. R. Bankr. P. 9006(b)(3). That rule prohibits enlargement of the deadline for filing a claim in a chapter 13 case except to the extent of exceptions (of no applicability here) listed in Rule 3002(c).  For that reason, also, *In re Unroe* is not authority to permit a late filing of the claim here.  *See In re Horner*, 1991 WL 353297, at *1 (Bankr. N.D. Cal. Sept. 21, 1991); *In re Wright*, 300 B.R. at 459.

III

Because the law firm was given timely notice of the bar date, I need not address either the effect of a lack of notice of the bar date on whether a tardy claim can be allowed, compare *In re Wright*, 300 B.R. at 462, with *In re Washington*, 483 B.R. 871, 872 (Bankr. E.D. Wis. 2012), or the remedies available to a creditor if it was not given timely notice of the bar date and was not allowed to file a tardy claim.

IV

In light of the foregoing, an order follows disallowing the law firm's claim.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.

**End of Order**